Dear Councilman Weilbaecher:
This office is in receipt of your request for an opinion of the Attorney General in regard to compliance for requests for public records. It appears on July 11, 2002 you requested from Nicky Nicolosi, Chief Administrative Officer, copies of the at-Large Division B accounts for the past two years on the following:
Account Description
1117-710 Council Office — Office Supplies
1117-810 Council Office — Postage Communications
1117-890 Council Office — Professional Development Travel
1117-940 Council Office — Capital Outlay
8085-866 Citywide Account — District Account
8085-898 Citywide Account — Travel
6069-855 Citywide Account — Recreation Fund
3036-866 Citywide Account — Public Works Funds
You additionally requested similar detailed transactions on all other Council members' accounts for the same period.
Subsequently, on July 15 you gave notice that you had not received these reports and requested copies of the detailed account transactions for the last four years for all Council accounts and all Council members' accounts; and noted that on July 12, 2002 you had requested additional reports for the Capital Budget — Council accounts. You state that it was your understanding that any public request for documents are required to be produced within three business days and that you expected these reports no later than July 18.
On July 17, Mr. Nicolosi sent you a reply prepared by Mr. Duke McConnell, Chief Financial Officer, stating in part that the records requested were voluminous and maintained in various forms, with some on mainframe computer systems, some transferred to discs, and some on printouts in binders. However, on July 28, 2002 you notified Mr. Nicolosi it was not your intention to invoke a public records request, but was for information required in order to perform your duties as Councilman-at-Large for all the citizens of Kenner, and asked for an explanation as to the efforts made to produce the documents.
We note that you also sought a legal opinion of the City Attorney in regard to requests for public records, and received a response; and you point out that there are several individuals interested in the issue of access to public records inasmuch as they have been denied their requests.
You now ask the following questions:
 1. Whether the City of Kenner is negligent by failing to produce any of the
 2. What time line should the City follow in responding to such requests;
 3. What course of action should be undertaken to compel the city to respond;
 4. Whether all requests for public records must be made by invoking the Public Records Act of the Revised Statutes;
 5. Does an elected official have any additional rights beyond those of the Public Records Act in obtaining public records in order to perform the duties of their position; and
 6. If the elected official does not have to invoke the Public Records Act in order to obtain public records, what legal rights and recourse does the election official have?
We cannot answer your first question as to whether the City of Kenner is negligent in failing to produce any of the requested information inasmuch as negligence is determined from a finding of facts, and this office is not a finder of facts. Therefore, if negligence exists is a question that this office cannot determine.
In response to your questions of what time line the City should follow in responding to requests, and what course of action should be undertaken to compel the city to respond, we note that in Atty.Gen.Op. 02-208 this office quoted R.S. 44:35, and pointed out that this statute states that a public record must be made available within five days from the date of the request. Therein it was concluded in regard to a citizen's request for inspection of public records, "After such request has been made, if the information has not been made available either by a final determination by the custodian or by the passage of office days, the person making the request may seek a writ of mandamus or injunctive or declaratory relief to compel the inspection. Further, the district attorney may institute proceedings against the custodian as provided for in R.S. 44:37."
However, this office had observed in Atty.Gen.Op. 96-303 as follows:
 If the examination of these records would cause an unreasonable disruption of your office's normal business operation, a determination which is in the discretion of the custodian, the requestor may be required to inspect these documents after hours. If this is the case, the provisions of LSA-R.S. 44:32(A), concerning the payment of reasonable fees to the custodian representative, should be followed. Reference is made to LSA-R.S. 44:32(A), which provides in part:
 (A). . . . examination of records under the authority of this Section must be conducted during regular office or working hours, unless the custodian shall authorize examination of records in other than regular office or working hours. In this extent the person designated to represent the custodian during such examination shall be entitled to reasonable compensation to be paid by them by the public body having custody of such records, out of funds provided in advance by the person examining such records in other than regular office or working hours.
In response to your final questions whether elected officials have any additional rights beyond those of the Public Records Act; and if the elected official does not have to invoke the Public Records Act, what legal rights and recourse does the elected official have, we find nothing that gives "elected officials" in general recourse to public records beyond the provisions of the Public Records Act, R.S. 44:32, which gives access to public records "to any person of the age of majority who so requests".
However, R.S. 44:3 provides that nothing in the Section should be construed to prevent any investigative agencies from having among themselves a free flow of information for coordinated and effective criminal justice. Thus, those in an investigatory position would have recourse beyond that of the general public.
However, this office has recognized while it is necessary that the public records statutes must be liberally construed so as to extend, rather than restrict access to public records by the public, the right to examine and obtain copies of public records is not absolute and unqualified. As observed by this office in Atty.Gen.Op. 98-21, "The Federal Freedom of Information Act, 5 U.S.C. § 522b(6) exempts from public inspection `all personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Similarly, our public Records Act would not require disclosure of information that an individual has a reasonable expectation would remain private."
We hope this sufficiently answers your inquiry, but I we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
DATE RELEASED: January 3, 2003